# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

CHARLES ASHFORD
ADC #133975                                                                                            PLAINTIFF

V.                                       5:09CV00086 JLH/JTR

JOHN WHALEY, Assistant Warden, and
EDWIN BROWN, Lieutenant, Varner Super Max                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the

        United States District Judge was not offered at the hearing before the Magistrate Judge.

3.     An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction, has commenced this *pro se* § 1983 action alleging that Defendants have violated his constitutional rights. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed"

## II. Discussion

In his Complaint, Plaintiff alleges that Defendants subjected him to cruel and unusual punishment, in violation of the Eighth Amendment, when they failed to : (1) "provide me a cell clean up" from December 26 to December 31, 2007; (2) remove an empty food tray from his cell for two weeks; and (3) repair a "tiny hole near the toilet." *See* docket entry #2 at 4. Importantly, Plaintiff does *not* allege that his cell was filthy or unsanitary, or that he was harmed by any delay in cleaning his cell or repairing the hole near the toilet. *Id.*

The "Constitution does not mandate comfortable prisons" or that prisons be "free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Additionally, only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an Eighth Amendment violation. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Thus, in order to state a valid Eighth Amendment conditions-of-confinement claim, a prisoner must allege that: (1) objectively, the conditions were sufficiently serious as to pose a substantial risk of serious harm to his health or safety; and (2) the defendants were deliberately indifferent to the risk of harm posed by the deprivation. *Smith v. Copeland*, 87 F.3d 265, 267-68 (8th Cir. 1996).

Applying these legal principles, the Eighth Circuit has held that conditions far worse than those alleged by Plaintiff fail to rise to the level of a constitutional violation.[2] Additionally, Plaintiff

---

and "held to less stringent standards than formal pleadings drafted by lawyers."

[2] *See, e.g., Goldman v. Forbus*, Case No. 00-2462WA, 2001 WL 838997 at *1 (8th Cir. July 26, 2001) (unpublished opinion) (six nights sleeping on the floor and being sprinkled with urine was not a constitutional violation); *Smith,* 87 F.3d at 269 (8th Cir. 1996) (no constitutional violation when a pretrial detainee was subjected to raw sewage for four days); *O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83-84 (8th Cir. 1996) (four days without underwear, blankets, mattress, exercise and visits not a constitutional violation); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (four days without clothes, mattress, running water, bedding, mail, hot food, and hygienic supplies not a constitutional violation); *White v. Nix,* 7 F.3d 120, 121 (8th Cir. 1993) (eleven days in an unsanitary cell did not amount to a constitutional violation).

was only required to endure the conditions for a short while, perhaps the single most "critical factor" in evaluating a conditions of confinement claim. *Smith*, 87 F.3d at 269 (stating that "the length of time a prisoner is subjected to harsh conditions is a critical factor in our analysis," and that "[c]onditions such as a filthy cell that may be tolerable for a few days are intolerably cruel for weeks or months.") Accordingly, the Court concludes that Plaintiff has failed to state a viable claim for relief.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim on which relief may be granted.

2. Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3),[3] that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 1st day of April, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides that: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."